DIONISIO LOTTI LUCHESSI, Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 1012. Submitted December 3, 1937.—Decided January 25, 1938.

*Luciano Colón* for appellant.   The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Camilo Soto was the owner of twenty-five *cuerdas* of land duly recorded in the Registry of Property. He segregated and sold, by notarial instrument duly recorded in the Registry of Property, two parcels—one of twenty-one *cuerdas* and another of 1.75 *cuerdas*—in the aggregate 22.75 *cuerdas*. Dionisio Lotti Luchessi is now the record owner of these two parcels. Thus Camilo Soto continued as the owner of the remaining 2.25 *cuerdas*.

A notarial instrument, executed by Soto and his wife October 7, 1930, recites that Soto, by private document dated April 27, 1924, had sold to Emilia Soto, for $50, 2.25 *cuerdas* of land situated in the ward Rucio at a place called Jayas in Peñuelas, bounded on the east by Juan Torres and on its three other sides by Dionisio Lotti. In this notarial instrument Soto and his wife ratified the previous sale.

Emilia Soto, in a notarial instrument executed May 25, 1934, conveyed the 2.25 *cuerdas* to Lotti. In this instrument Emilia Soto explains that the parcel of 2.25 *cuerdas* was the remainder of the 25 *cuerdas* first above mentioned, after the segregation and sale to Lotti of the two parcels of 21 *cuerdas* and of 1.75 *cuerdas* also above mentioned.

The registrar of property refused to record the conveyance by Camilo Soto to Emilia Soto because Camilo Soto had not joined in the subsequent identification of the 2.25 *cuerdas* as the remainder of the 25 *cuerdas*.

Section 4 of An Act to provide for appeals against the decisions of registrars of property, approved March 1, 1902 (Comp. St. 1911, sec. 2183), provides that:

"Informal defects, if capable of correction, shall not constitute a legal ground for refusing to record or to enter any document presented which constitutes a muniment of title or constitutes or removes a charge against real estate. The record of any such document shall contain a reference to the defects in it and if, at any subsequent time, a document be presented for the purpose of curing the defects existing in the previous document, it shall be recorded and a marginal not of the correction of the defect shall be made on the record or entry of the first document."

The fact that Camilo Soto did not join in the identification of the 2.25 *cuerdas* previously sold by him to Emilia Soto was, at most, a curable defect. *Franceschi* v. *Registrar of Property,* 13 P.R.R. 221, and *Cadilla* v. *Registrar of Property,* 19 P.R.R. 77.

The ruling appealed from must be reversed.

Mr. Justice Córdova Dávila took no part in the decision of this case.